IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **ADAM MACKLEY**, <br> Plaintiff, <br><br> v. <br><br> **LYNN DAVIS, THOMAS PATTON, RON WILKINSON**, and **LORIE FOWLKE**, <br> Defendants. | REPORT AND RECOMMENDATION <br><br> Case No. 1:13–CV–00129–DB–EJF <br><br> District Judge Dee Benson <br><br> Magistrate Judge Evelyn J. Furse |

Pro se Plaintiff Adam Mackley brought this action against Defendants Lynn Davis, Thomas Patton, Ron Wilkinson, and Lorie Fowlke.[1] (Compl., ECF No. 1.) Because Mr. Mackley proceeds pro se, the Court liberally construes his filings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (citation omitted). Mr. Mackley's Complaint alleges a cause of action under 42 U.S.C. § 1983 for due process violations and brings the case pursuant to Federal Rule of Civil Procedure 60(b), alleging the Defendants committed fraud and misrepresentation and perpetrated fraud on the state court. (Compl. 1-2 ¶ 2-3, ECF No. 1.) On October 7, 2013, Judge Davis and Commissioner Patton moved this Court to dismiss Mr. Mackley's Complaint under Federal Rule of Civil Procedure 12(b)(1) and (b)(6). (ECF No. 6.) Judge Davis and Commissioner Patton argue they both have absolute judicial immunity and that the Court should dismiss Mr. Mackley's Rule 60(b) challenge to the ongoing state court proceeding without prejudice under the *Younger*[2] abstention doctrine. (State Defs.' Mot. to Dismiss 1-2, ECF No. 6.) On October 21, 2013, Mr. Wilkinson similarly moved the Court to dismiss Mr. Mackley's Complaint under 12(b)(1) and (b)(6)

---

[1] On October 2, 2013, District Judge Dee Benson referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.)
[2] *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

because Mr. Wilkinson, as an individual and non-state actor, cannot deprive Mr. Mackley of his constitutional rights. (Wilkinson Mot. to Dismiss 1-2, ECF No. 15.) He further argues either the *Younger* abstention or alternatively the *Rooker-Feldman* doctrine dictate dismissal. (*Id.*) Also on October 21, 2013, Ms. Fowlke moved the Court to dismiss her as a Defendant on the same grounds. (Fowlke Mot. to Dismiss 1-2, 5, ECF No. 16.)

Based on careful consideration of the Motions and Memoranda submitted for and against Judge Davis and Commissioner Patton, Mr. Wilkinson, and Ms. Fowlke's Motions to Dismiss, the Court determined it can decide the Motions based on the briefing and does not need oral argument. *See* DUCivR 7–1(f). Because the *Younger* abstention doctrine compels this Court to decline jurisdiction over Mr. Mackley's claims, the undersigned Magistrate Judge RECOMMENDS the District Court dismiss this case without prejudice as to all four defendants. If the District Court does not dismiss this case on *Younger* grounds, the undersigned recommends dismissal with prejudice of all claims against Judge Davis and Commissioner Patton based on judicial immunity. The undersigned further recommends dismissal with prejudice of the § 1983 claims against Mr. Wilkinson and Ms. Fowlke because they do not qualify as state actors.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge the court's subject-matter jurisdiction in two ways. First, a party may bring a facial attack, which "looks only to the factual allegations of the complaint in challenging the court's jurisdiction." *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010). A party may also bring a factual attack, which "goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction." *Id.* (citation omitted). In this case, the Defendants bring a facial attack, with their only references outside of the Complaint being to state court proceedings, of which

this Court can take judicial notice. *See Genesee Cnty. Emps.' Ret. Sys. v. Thornburg Mortg. Secs. Trust*, 825 F. Supp. 2d 1082, 1122 (D.N.M. 2011) (noting courts' authority to take judicial notice of matters of public record in considering a motion to dismiss). Thus, the Court applies the same standard it would in a 12(b)(6) motion to dismiss. *Muscogee*, 611 F.3d at 1227 n.1.

To withstand a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), "a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "'a court must accept as true all of the allegations contained in a complaint,'" this rule does not apply to legal conclusions. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] plaintiff must offer specific factual allegations to support each claim." *Id.* (citation omitted). A complaint survives only if it "states a plausible claim for relief." *Id.* (citation omitted). Where a defendant moves to dismiss under Rule 12(b)(1), the plaintiff has the burden of establishing jurisdiction, *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991), and a court must dismiss the cause of action upon determining the court lacks jurisdiction. *Id*.

## DISCUSSION

### A. Subject-matter Jurisdiction

#### 1. *Younger* Abstention Doctrine

Federal courts should abstain from exercising jurisdiction under *Younger* "when three conditions are satisfied: (1) there are ongoing state proceedings; (2) the state court offers an adequate forum to hear the plaintiff's claims from the federal lawsuit; and (3) the state proceeding involves important state interests." *Morkel v. Davis*, 513 F. App'x 724, 727 (10th

3

Cir. Mar. 15, 2013) (citing *Younger*, 401 U.S. 37).  When a Court dismisses a case pursuant to *Younger* it does so without prejudice.  *Id*. at 729.

As to the first criterion, state court proceedings to determine paternity were ongoing when Mr. Mackley filed his Complaint.  (State Defs.' Mot. to Dismiss 5, ECF No. 6; Compl. Ex. L 38-39, ECF No. 1-7.)  Mr. Mackley seeks to enjoin Judge Davis and Commissioner Patton from terminating or interfering with his parental rights, to void orders in the state court proceeding that have affected or will affect his parental rights, and to issue declaratory relief that Mr. Mackley is C.B.B.'s father and is entitled to parent time.  (Compl. 15-16 ¶ 1-5, ECF No. 1.)  Such requests by their own terms clearly pertain to ongoing state proceedings.

As to the second criterion, the Fourth District Court provides an adequate forum for Mr. Mackley's claims.   The Tenth Circuit has noted that one cannot "dispute that the Utah state judiciary provides an adequate forum for [a plaintiff] to assert his constitutional claims." *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 876 (10th Cir. 2001).  In that opinion, the Tenth Circuit pointed to the Supreme Court's language in *Allen v. McCurry* remarking its own prior "emphatic reaffirmation … of the constitutional obligation of the state courts to uphold federal law, and its expression of confidence in their ability to do so." *Id*. (quoting *Allen v. McCurry*, 449 U.S. 90, 105 (1980) (citing *Stone v. Powell*, 428 U.S. 465 (1976))).  Thus although Mr. Mackley brings a § 1983 constitutional rights violation claim, Utah's Fourth District Court provides an adequate forum to hear the claims he raises in his Complaint.

Third, the state proceeding at issue involves important state interests.  As the Supreme Court held in *Elk Grove Unified School Disitrict v. Newdow*, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (internal citation omitted) (abrogated on other grounds by *Lexmark Int'l, Inc. v.*

*Static Contest Components, Inc.*, __ U.S. __, No. 12-873, 2014 WL 1168967, *7 (Mar. 25, 2014)). Consequently, the Tenth Circuit reiterated in *Morkel* that domestic matters between husband and wife and between parent and child fall within the state's domain. *Morkel*, 513 F. App'x at 729. Contrary to Mr. Mackley's contention and given the similarity of considerations and policies between paternity and custody issues, the Supreme Court's language in *Elk Grove* invites the inference that *Younger* applies to paternity disputes as well custody disputes.

Because the present case satisfies all three prongs, *Younger* abstention applies and compels the Court to dismiss the case without prejudice.

### 2. *Rooker-Feldman* Doctrine

Mr. Wilkinson and Ms. Fowlke contend that if this Court were to find the *Younger* abstention doctrine does not apply, the Court would nonetheless lack jurisdiction under the *Rooker-Feldman* doctrine. (Wilkinson Mot. to Dismiss 2, ECF No. 15; Fowlke Mot. to Dismiss 5 n.2, ECF No. 16.) The *Rooker-Feldman* doctrine prohibits a party who loses in state court from asking a lower federal court to "'effectively exercis[e] appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment.'" *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (quoting *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006)); *see D.C. Ct. App. v. Feldman, 460 U.S. 462, 476* (1983) & *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923)). *Rooker-Feldman* applies where the state court rendered judgment before the federal district court proceeding commenced and does not displace preclusion doctrines or enhance abstention doctrines. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).

> The First Circuit helpfully explained the situations where a judgment would be considered final for *Rooker-Feldman* purposes: (1) "when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved"; (2) "if the state action has reached a point where neither party seeks further

action"; or (3) "if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated."

*Guttman v. Khalsa*, 446 F.3d 1027, 1032 n.2 (10th Cir. 2006) (quoting *Federación de Maestros v. Junta de Relaciones del Trabajo,* 410 F.3d 17, 24 (1st Cir. 2005)). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*.

Here, Mr. Mackley's claims stem from apparent adverse rulings already issued in the state case and further adverse rulings he anticipates in that case, for which he seeks review. Ms. Fowlke states that the state court proceedings have reached final judgment[3] and argues that as a result Mr. Mackley's Complaint amounts to a request that this Court review a final state court judgment. (Fowlke Reply 3, ECF No. 23.) However, the record before the Court demonstrates that Mr. Mackley filed this case on September 12, 2013. (Compl., ECF No. 1.) The Orders submitted with Ms. Fowlke's Reply indicate that the case continued after that date, at least until November 26, 2013. (ECF No. 23-1.) Because the state court proceedings did not end under the first two prongs before Mr. Mackley filed his Complaint in this Court and Mr. Mackley fails to assert satisfaction of the third prong, *Rooker-Feldman* does not apply. *See Exxon Mobile*, 544 U.S. at 284 (noting application of *Rooker-Feldman* only where state case concluded prior to filing of federal case). Therefore, the Court should abstain from hearing the case under *Younger* as discussed above.

**B. Judge Davis and Commissioner Patton have absolute immunity.**

Absolute immunity protects Judge Davis and Commissioner Patton from Mr. Mackley's claims. A judge has immunity from suit for his judicial acts even if he acts in error, acts maliciously, acts in excess of his authority, or commits grave procedural errors.

---

[3] *See* November 26, 2013 Orders granting relief. (ECF No. 23-1.)

6

*Moss v. Kopp*, 559 F.3d 1155, 1163-64 (10th Cir. 2009). In other words, a judge has "absolute immunity unless he acted in the absence of all jurisdiction" and if he "acts with 'at least a semblance of subject matter jurisdiction,' he is immune." *Derringer v. Chapel*, 98 F. App'x 728, 733 (10th Cir. 2004) (quoting *Lerwill v. Joslin*, 712 F.2d 435, 438 (10th Cir.1983)).

Judicial immunity applies not only to Judge Davis but also to Commissioner Patton. "Whether a person or entity should be afforded judicial immunity depends upon the specific work or function performed. If the acts were committed 'in the performance of an integral part of the judicial process,' the policies underlying judicial immunity apply and immunity should be granted." *Bailey v. Utah State Bar*, 846 P.2d 1278, 1280 (Utah 1993) (citing *Greene v. Zank*, 204 Cal. Rptr. 770, 777 (Ct. App. 1984); *Butz v. Economou*, 438 U.S. 478, 511-12 (1978); *Verner v. Colorado,* 533 F. Supp. 1109, 1115 (D. Colo. 1982), *aff'd,* 716 F.2d 1352 (10th Cir. 1983); *Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965)). The Utah Supreme Court also explained that "[t]he exercise of discretionary judgment is a hallmark of a position functionally comparable to that of a judge." *Parker v. Dodgion*, 971 P.2d 496, 498 (Utah 1998). As such, judicial immunity protects Commissioner Patton in his capacity as a fact-finder resolving disputes as a domestic relations commissioner within the court. *See Abdelrahim v. Conklin*, No. 1:11-CV-0069, 2011 WL 6003883, *1 (D. Utah Nov. 30, 2011). Thus, Judge Davis and Commissioner Patton both have immunity from any actions taken with a semblance of subject matter jurisdiction.

"'[T]here is a clear absence of jurisdiction when a court of limited jurisdiction attempts to adjudicate a case outside of its jurisdiction, such as when a probate court conducts a criminal trial.'" *Id*. (citation omitted). This case does not pose such a problem. Judge Davis and Commissioner Patton acted with jurisdiction because their actions pertain to a case involving a question of paternity over which the state court has jurisdiction. Utah Code Ann.

7

§ 78B-15-104. Mr. Mackley sues Judge Davis and Commissioner Patton for judicial functions they performed in their judicial capacity. As such, they have judicial immunity, and the Court must dismiss with prejudice Mr. Mackley's claims against Judge Davis and Commissioner Patton under Rule 12(b)(6).

### C. Ron Wilkinson and Lorie Fowlke acted as private citizens; thus they do not fall subject to § 1983 claims.

Even if the Court determined it had jurisdiction, the Court should dismiss Mr. Mackley's § 1983 claims against Mr. Wilkinson and Ms. Fowlke under Rule 12(b)(6) for failure to state a claim upon which the Court can grant relief. Under 42 U.S.C. § 1983, a plaintiff must allege he suffered a "depriv[ation] of a right 'secured by the Constitution and laws' of the United States and that this deprivation was committed under color of state law." *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207 (10th Cir. 2005) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). One party deprives another of a federal right under color of law when the depriving party:

> exercise[s] [] some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and "the party charged with the deprivation . . . may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."

*Id.* at 1207–08 (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).

While attorneys do function as officers of the court, the "'vast weight of authority' holds that private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983.'" *Anderson v. Kitchen*, 389 F. App'x 838, 841 (10th Cir. 2010) (quoting *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983)). Mr. Wilkinson and Ms. Fowlke act as officers of the court but do *not* constitute state actors under Tenth Circuit precedent.

Moreover, a lawyer's mere representation of a client in state legal proceedings does not constitute joint action with the State or State officials. *See e.g.*, *Lindley v. Amoco Prod. Co.*, 639 F.2d 671 (10th Cir. 1981) (concluding attorney as agent for a corporation did not constitute a state actor because a court order allowed him to enter plaintiff's home for discovery purposes); *Hoai v. Vo*, 935 F.2d 308, 313 (D.C. Cir. 1991) (holding "mere recourse to state or a local court procedures does not by itself constitute 'joint activity' with the state sufficient to subject a private party to liability under section 1983"). Mr. Mackley does not allege Mr. Wilkinson or Ms. Fowlke did anything more than represent their clients in state legal proceedings. Mr. Mackley merely contests the outcome.

Because Mr. Wilkinson and Ms. Fowlke do not constitute state actors, Mr. Mackley's complaint fails to state a claim under § 1983 upon which this Court can grant relief. Thus this Court recommends dismissal with prejudice of the § 1983 claims against Mr. Wilkinson and Ms. Fowlke under Rule 12(b)(6).

### D. Mr. Mackley may have adequately pled the Rule 60(b), fraud on the court, claims against Ron Wilkinson and Lorie Fowlke.

"[A]s a cause of action, fraud on the court must be proven by clear and convincing evidence." *Bulloch v. Pearson*, 768 F.2d 1191, 1193 (10th Cir. 1985). To constitute fraud on the court,

> only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will [suffice]. Less egregious misconduct, *such as nondisclosure to the court of facts allegedly pertinent to the matter before it,* will not ordinarily rise to the level of fraud on the court.

*Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996) (citation omitted)

In his Complaint, Mr. Mackley pleads allegations of fraud on the Court, "bring[ing] this suit pursuant to Rule 60(b) of the Federal and Utah Rules of Civil Procedure seeking relief from proceedings in the Fourth District Court of Utah County due to fraud, misrepresentation and fraud upon the Court perpetrated by defendants." (Compl. 2 ¶ 3, ECF

No. 1.) In stating his case, Mr. Mackley claims Mr. Wilkinson and Ms. Fowlke fraudulently withheld information from the state court by stating the Denial of Paternity did not exist on May 16, 2013. (Compl. 9 ¶ 32, 11 ¶ 40, ECF No. 1.) Mr. Mackley contends that on June 26, 2013 he learned Mr. Barney signed that Denial of Paternity back on August 28, 2012. (Compl. 10 ¶ 38, ECF No. 1.) Mr. Mackley contends that both Mr. Wilkinson and Ms. Fowlke knew of this denial and misrepresented its nonexistence to the Court on May 16, 2013. (Compl. 7-9 ¶¶ 24-32, 39, ECF No. 1.) He further contends that "[t]he misrepresentations and fraud committed on the Court were made with the intent of bypassing state law to deprive Mr. Mackley of his constitutionally protected parental rights without due process of law." (Compl. 11 ¶ 41, ECF No. 1.) While Mr. Mackley's allegations of fraud on the Court apparently rest on Mr. Wilkinson's and Ms. Fowlke's failure to disclose the existence of the Denial of Paternity and such failures to disclose do not typically constitute fraud on the court, the Court cannot determine at the Motion to Dismiss stage whether these nondisclosures will or will not rise to that level.

Accordingly, if the Court chose not to abstain under *Younger*, only Mr. Mackley's 60(b) claims against Mr. Wilkinson and Ms. Fowlke would remain.

**RECOMMENDATION**

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS the Court DISMISS this case in its entirety without prejudice under the *Younger* doctrine. If the District Court does not do so, the Court RECEOMMENDS DISMISSAL with prejudice as to all claims against Judge Davis and Commissioner Patton and as to the § 1983 claims against Mr. Wilkinson and Ms. Fowlke.

The Court will send copies of this Report and Recommendation to all parties, notifying the parties of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy thereof. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 25th day of April, 2014.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge